[Civ. No. 2320.    Second Appellate District, Division One.—October 10, 1919.]

NORMAN B. LIVERMORE & COMPANY (a Corporation), Appellant, v. GUARDIAN CASUALTY & GUARANTY COMPANY (a Corporation), Respondent.

[1] APPEAL—ORDER DENYING NEW TRIAL.—There is no right of appeal from an order denying a motion for a new trial.

[2] PUBLIC WORK—CONSTRUCTION OF HIGHWAY—USE OF STEAM SHOVEL —LIABILITY OF SURETY TO OWNER.—The surety on a bond executed to the state, pursuant to the provisions of the act approved March 27, 1897 (Stats. 1897, p. 201; amended, Stats. 1911, p. 1422), for due payment to be made by the principal for all labor, materials, and supplies furnished for the construction of a portion of the state highway, is not liable to the owner of a steam shovel for the reasonable value of the use thereof in the performance of the work, where such shovel was furnished to a subcontractor by a person having possession thereof under a lease or conditional sale contract, notwithstanding the latter was in default in his payments, the owner having made no attempt to interfere with his possession of the shovel and not having given notice of the termination of the lease or contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank G. Finlayson, Judge. Appeal from order dismissed; judgment affirmed.

The facts are stated in the opinion of the court.

W. E. Lady, V. J. Cobb and Arthur H. Redington for Appellant.

James, Smith & McCarthy and Schweitzer & Hutton for Respondent.

CONREY, P. J.—[1] The plaintiff has appealed from the judgment and from an order denying its motion for a new trial. As there is no right of appeal from such a motion, the latter appeal will be dismissed.

[2] On the sixth day of April, 1915, Brashear-Burns Company, a corporation, as contractor, entered into an agreement with the California Highway Commission for the con-

struction of a portion of the state highway in Orange County. At the same time, and in connection therewith, the defendant Guardian Casualty & Guaranty Company, as surety, together with said contractor as principal, executed a bond to the state for due payment to be made by the principal for all labor, materials, and supplies furnished for the work of construction under the principal contract. This bond was made pursuant to the provisions of an act approved March 27, 1897. (Stats. 1897, p. 201; amended, Stats. 1911, p. 1422.)

On the fourth day of May, 1915, Brashear-Burns Company entered into a subcontract with W. S. Cook for the performance of work which was a part of the principal contract. Thereupon Cook entered into a contract with one W. F. McDowell whereby it was agreed that McDowell would furnish a certain steam shovel to be used in the performance of the work contracted to be done by Cook. That steam shovel was furnished and used in the performance of said work. Thereafter Brashear-Burns Company's contract with the state was duly completed and the work accepted. Thereafter, and within the period limited by said act of 1897, as amended in 1911, plaintiff filed a duly verified statement of claim, stating that such steam shovel was furnished by it to be used and that the same was used in the performance of the work contracted to be done by Cook under his contract with Brashear-Burns Company. This claim was filed with the California Highway Commission and conformed to the requirements of the statute. Thereupon the plaintiff, claiming to be a person coming within the class of persons for whose benefit said statutory bond was given, brought this action to recover from the defendant the amount so set forth in its verified statement of claim.

On the second day of March, 1914, the plaintiff entered into a written contract with W. F. McDowell concerning said steam shovel in substance as follows: It is stated in the instrument of contract that the plaintiff (therein called lessor) leased to McDowell (therein called lessee) the said steam shovel for a term ending February 5, 1915, for the total rental of $4,749, of which $750 was paid in cash on delivery of the steam shovel and the remainder was to be paid in accordance with ten installment notes of which the last was to fall due on the fifth day of February, 1915. It was fur-

ther agreed as follows: "Lessee covenants that it will keep said steam shovel in first-class repair and working order during the term of this lease; that it will not remove it from the State of California or assign this lease without the consent in writing of the Lessor, and that it will, upon the termination of this lease, return and surrender possession of said steam shovel to Lessor at San Francisco, Cal., in as good condition as when taken, ordinary wear and tear excepted. Lessor agrees that Lessee may, at the expiration of this lease, and within ten days thereafter, provided it shall have promptly and duly paid the entire rental herein specified and shall have performed all the other conditions and covenants hereof, and shall have paid for all extra parts and repairs furnished or made by Lessor during the time hereof, elect to purchase said steam shovel for the sum of One Dollar, and if Lessee so elects and so notifies Lessor, said steam shovel shall, upon payment of said sum, become and be the property of the Lessee and Lessor will execute a bill of sale thereof. In case of any breach of this agreement by the Lessee, arising by failure of said Lessee to pay rent as the same becomes due, or otherwise, the lessor may, at his option, forthwith terminate this lease, and may enter upon the premises of the Lessee and retake possession of the said steam shovel wherever found, and said Lessee hereby agrees to said Lessor's entry and retaking possession, and releases said Lessor from any cause of action which the Lessee might otherwise have on account of said entry or removal or retaking of possession."

It will be noted that in May, 1915, when McDowell agreed with Cook for the furnishing of the shovel to be used in the performance of the Cook contract, the specified term named in the contract between plaintiff and McDowell had expired. McDowell was then delinquent in his payment to plaintiff to the extent of more than one-half of the total rental or price therein named. The evidence further shows, however, that the plaintiff had made no attempt to interfere with McDowell's possession of the shovel and had not given any notice of termination of the lease or contract. Prior to this time and while delinquent in payments on the contract, McDowell had used the shovel on two other contracts. In each of those instances he had made arrangements with the person by whom the shovel was used whereby they made pay-

ments to the plaintiff for account of McDowell. That was done with the consent of the plaintiff, although it is not clear from the terms of the contract that any such consent was necessary. In like manner, when McDowell entered into his contract with Cook it was made a part of their agreement that during the time that the shovel was used upon that contract, the Brashear-Burns Company should deduct from the moneys payable to Cook the sum of four hundred dollars per month and pay the same to the plaintiff. Thereupon Cook, on the fifth day of May, 1915, executed a written order to Brashear-Burns Company directing that it pay to the order of the plaintiff the sum of four hundred dollars per month during the time that the shovel was used on the said highway work, said payments to be charged against the money due Cook from Brashear-Burns Company. An acceptance of that order was indorsed thereon, on the same day, signed "Brashear-Burns Company, By F. J. Truman, Secretary." None of the moneys mentioned in this order were paid. The evidence shows without dispute that the reasonable value of the use of the shovel was four hundred dollars per month. The controversy herein relates, not to the amount of the claim, but goes to the question of any liability at all of the defendant as surety on said bond.

The liability of defendant as surety on the bond executed by it cannot be maintained by plaintiff by proving that the shovel, used as it was in the described work, was furnished by McDowell. Yet in fact that is the effect of the evidence. And we think there is no merit in appellant's contention that in bringing the shovel to the place of work, for use therein, McDowell was acting as agent for the plaintiff. Counsel have debated the question whether the "lease" contract between plaintiff and McDowell was a lease, or was a conditional sale. That question need not be decided. If the contract was one of conditional sale, it remained in force by manifest intention of the plaintiff, which had never demanded or attempted to recover possession. If the contract was only a "lease" or bailment, then McDowell was a bailee holding over after expiration of the time limited in the lease, and liable to his lessor as such bailee. Under either interpretation, he held possession of the shovel in his own right and not as agent for the plaintiff. The evidence well supports

the court's finding that it was not furnished to Cook by the plaintiff.

The appeal from the order is dismissed.   The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court December 9, 1919.

All the Justices concurred, except Melvin, J., who was absent.